UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**SUPERIOR DERRICK SERVICES, LLC.**     *****CIVIL ACTION NO. 09-0484**

**VS.**     *****MAGISTRATE JUDGE HILL**

**LONESTAR 203, ET AL.**     *****BY CONSENT OF THE PARTIES**

## RULING

By Ruling on cross-motions for summary judgment filed by Lonestar Drilling Niger, Ltd. ("Lonestar") and Superior Derrick Services, LLC ("Superior"), the Court dismissed Lonestar's counterclaim against Superior for stipulated damages set forth in the Turnkey Agreement based on the contractual meaning of the "due and payable" clause of the "Final Reconciliation" statement attached to the Turnkey Agreement. [rec. doc. 158].

Lonestar has filed a Motion for Entry of Final Judgment and Rule 54(b) Certification of this Court's ruling so that it may take an immediate appeal. [rec. doc. 161]. Superior has filed a Motion for Entry of Final Judgment Pursuant to Rule 54(c), requesting that this Court enter a final judgment in the amount of $3,000,000.00, plus pre-judgment interest, on its claim against Lonestar for amounts in excess of $8,000,000.00 so that it may immediately execute against the bond posted by Lonestar to secure release of its vessels. [rec. doc. 164].

Opposition to each Motion has been filed, to which each party has filed Replies. [rec. docs. 169, 172, 174 and 178]. Oral argument on the Motions was held and the Motions were taken under advisement.

For the following reasons, the Motion for Entry of Final Judgment and Rule 54(b) Certification [rec. doc. 161] and the Motion for Entry of Final Judgment Pursuant to Rule 54(c) [rec. doc. 164] are **Denied**.

Under Rule 54, "Judgment" is defined as including "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Rule 54(c) sets forth the relief which may be granted upon entry of a "final judgment" in non-default cases as follows: "Every . . . final judgment should grant the relief to which each party is entitled, even if that party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).

Rule 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief –  whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . .

Fed. R. Civ. P. 54(b).

Therefore, before certifying an otherwise non-final judgment for appeal, a district court must make two independent findings. First, the court must determine that the judgment is "final" – "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Second, the court must find that there is no just reason for delay, taking into account judicial administrative interests as well as the equities involved. *Id.*, 446 U.S. at 8.

The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."  In *PYCA Indus., Inc. v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996), the Court explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice.

The threshold inquiry for a district court is whether "there is no just reason for delay," a determination which is within the sound discretion of the district court. *Id.; Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). In making this determination, the district court has a duty to weigh " 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) *quoting Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950).

With respect to Lonestar's Motion, the parties agree that the judgment at issue is "final" in that it fully dismisses Lonestar's counterclaim against Superior.  Thus, the first prerequisite for certification is satisfied.

However, after weighing the appropriate factors, the Court finds that certification is inappropriate in this case because the second prerequisite is not satisfied.  Lonestar fails to convince the Court the danger of hardship or injustice through delay which would allegedly be alleviated by immediate appeal outweighs the judicial administrative interest in avoiding piecemeal appeals or the inequity the delay would cause Superior.

This case was previously set for trial on November 2, 2010. However, on October 13, 2010, this court continued the trial to allow the filing of cross-motions for summary judgment on Lonestar's counterclaim against Superior. Ruling on these cross-motions was not rendered until June, 2011. Trial of the remaining claim is set for November 8, 2011.

In light of the above, the litigation between Superior and Lonestar remains unresolved. Given the contentious nature of this litigation, any judgment rendered will, in all probability, result in an appeal. Consequently, to allow separate and immediate appeal of Lonestar's claim at this time will most certainly result in piecemeal review of the issues presented by this case. This inevitable consequence outweighs any potential danger of denying Lonestar justice by delay.

This is particularly true, given that if Lonestar is unsuccessful on appeal, this case, which was filed over two and one-half years ago, will have been delayed from final resolution for yet another year. On the other hand, should Lonestar be successful, the parties would merely be required to try Lonestar's claim at a later date.

Furthermore, while that procedure may result in additional costs to Lonestar, any prejudice to Lonestar is outweighed by the prejudice to Superior and the danger of denying Superior justice by further delaying trial of its claim which has been pending resolution by this court for over two and one-half years.

Superior's request must likewise be denied. By this Motion, Superior seeks a "final judgment" in the amount of $3,000,000.00 plus pre-judgment interest. However,

by this action, Superior seeks a monetary judgment against Lonestar in excess of $8,000,000.00.  *See* rec. doc. 1, ¶ 8.  The ruling entered by this court therefore did not dispose of Superior's entire claim against Lonestar, nor did the ruling finally or fully determine all of the rights of Superior or all of the liability of Lonestar.  As such, entry of a Rule 54 "final judgment" is not appropriate.  *See* Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2656 at pg. 54 and cases cited in fn. 25 ("According to the Supreme Court: 'A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' Therefore, a partial summary judgment that decides some of the issues pertinent to a single claim is interlocutory and not within the scope of the rule . . . ."); *see also* Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2656 at pg. 50 and cases cited in fn 13 ("of course, all of the rights and liabilities of one or more of the parties regarding that claim must have been fully adjudicated.  A decision that leaves a portion of the claim pending as to all defendants does not fall within the ambit of Rule 54(b)).

In sum, because the ruling on Superior's Motion for Summary Judgment did not constitute a "final judgment" – "an ultimate disposition of an individual claim entered in the course of a multiple claims action" or "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment", Superior's request must be denied.  *See Curtiss-Wright Corp.*, 446 U.S. at 7; *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 633-634 (1945); *Meadowbriar Home for Children, Inc. v. Gunn,* 81 F.3d 521, 526 (5th Cir. 1996) ("A judgment is final when it terminates litigation on the merits

and leaves the court with nothing to do except execute the judgment."); *National Ass'n of Government Employees v. City Public Service Bd. of San Antonio, Tex.*, 40 F.3d 698, 705 (5th Cir. 1994) ("A decision is 'final' when it 'dispose[s] of the entire controversy and leave[s] nothing further for the court to do in the cause.'"); *Monument Management Ltd. Partnership I v. City of Pearl, Miss.,* 952 F.2d 883, 885 (5th Cir. 1992) (although the summary judgment ruling "disposed of most of the elements of damages . . . it did not dispose of that claim in its entirety" accordingly, the ruling was not final for purposes of Rule 54); *Gray Line Motor Tours, Inc. v. City of New Orleans,* 498 F.2d 293, 295 (5th Cir. 1974) (noting that "[g]enerally, an order granting partial summary judgment is not final"); *See also Associated Business Telephone Systems Corp. v. Greater Capital Corp.*, 861 F.2d 793, 795 (3rd Cir. 1988) ("A partial disposition of a single claim may not be treated as a final judgment.").

Furthermore, given that trial is scheduled to begin in less than two months, any hardship or injustice caused by the delay in entering a final judgment is clearly outweighed by the danger, inconvenience and costs of piecemeal adjudication.

Signed at Lafayette, Louisiana on September 12, 2011.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE