UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUPERIOR DERRICK SERVICES, LLC.** | *CIVIL ACTION NO. 6:09-0484 |
| VS. | *MAGISTRATE JUDGE HILL |
| **LONESTAR 203, ET AL.** | *BY CONSENT OF THE PARTIES |

MEMORANDUM RULING

Pending before the Court is the Motion to Stay Execution of Judgment [Record Doc. 214], filed by Lonestar Drilling Nigeria, Ltd. and Intercontinental Bank PLC (collectively "Lonestar"). The motion is opposed by Superior Derrick Services, LLC ("Superior"). [Record Doc. 217]. The motion was argued to the Court on September 13, 2012. For the reasons set out below, the Motion to Stay Execution of Judgment is **granted**.

On August 14, 2012, the Court issued a Memorandum Ruling holding that Superior was entitled to recover damages in the amount of $4,798,126.53 plus interest from Lonestar. [Record Doc. 210]. On September 5, 2012, Lonestar filed a Notice of Appeal. [Record Doc. 213]. That same day, Lonestar filed the Motion to Stay Judgment, as well as a motion to expedite consideration of the motion to stay. [Record Doc. 215]. In essence, Lonestar argues that the bond it filed in this Court to release the vessels which were the subject of this lawsuit from arrest is sufficient to protect the interest of plaintiff, and that no additional bond should be required for supersedeas.

Superior, on the other hand, argues that since International Fidelity Insurance Company ("International Fidelity"), the surety company that wrote the release bond, is named in the judgment, that an additional bond is necessary under Fed. R. Riv. P 62 for supersedeas.

This case was commenced by the arrest of Lonestar 203 and Lonestar 204, two drill barges owned by Lonestar. A release bond in the amount of $8,050,000 was posted by Lonestar, with Internationally Fidelity as the surety. [Record Doc. 74]. Thereafter, the vessels were released, and the suit progressed to judgment. The release bond remains available to secure the payment of the judgment to Superior.

At the Court's direction, the parties submitted a judgment for the Court to sign which was approved, as to form, by both parties. The Court signed the judgment which was entered on August 23, 2012. [Record Doc. 212]. That judgment granted judgment in favor of Superior and against Lonestar and International Fidelity in the amount of $4,798,126.53, plus interest. The parties informed the court that the current value of the judgment, including interest to date, is approximately $5,200,000.

Local Rule 62.2 provides that a supersedeas bond shall be in the amount of the judgment, plus 20%. Thus, if Lonestar is required to post bond in order to stay execution, it will be required to post an additional bond in the approximate amount of $6,240,000. The effect would thus be that Superior would have available bonds of over $14 million to secure the payment of a judgment, the current value of which is approximately $5.2

million.

Typically, a judgment debtor is required to post bond in order to obtain the benefit of supersedeas. However, the Court has discretion in granting supersedeas. As the Fifth Circuit has recognized, the purpose of a supersedeas bond is to preserve the *status quo* while protecting the non-appealing party's rights pending appeal. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.* 600 F.2d 1189, 1191 (5th Cir. 1979). Accordingly,

> [I]f a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond.

*Id. See also Enserch Corp. v. Shand Morahan & Co., Inc.* 918 F.2d 462, 464 (5th Cir. 1990).

The Seventh Circuit has recognized that, in some cases, the bond requirement of Rule 62(d) can be waived by the court. The Seventh Circuit listed five factors relevant to waiver of Rule 62(d)'s bond requirement: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other

creditors of the defendant in an insecure position. *Dillon v.. City of Chicago,* 866 F.2d 902, 904–05 (7th Cir.1988).

There are no special rules for security on appeal in admiralty cases. However, it has been recognized that where the case is brought *in rem*, circumstances are presented which have a considerable effect on the application of the rules requiring security on appeal for supersedeas. Specifically, while the plaintiff in cases *in rem* is situated the same as every other plaintiff, the owner of a *res* as appellant is differently situated. "In the nature of the case, the *res* is security for the judgment on appeal, as in the court below, and therefore no additional security should have to be posted to obtain a supersedeas in the ordinary case." Moore, *Moore's Federal Practice* §710.09 (3rd ed.).

Counsel for Superior recognizes this rule, but argues that this is not the "ordinary case" because, in this case, the judgment is directly against the surety. Counsel further argues that a supersedeas bond is required here to protect Superior from the risk of the bonding company's insolvency. What counsel for Superior ignores is that Fidelity International has been cast in judgment, not for any act or in action on its part but, rather, by operation of law as the surety on the bond. 28 U.S.C. § 2464(a).[1]

---

[1] "Except in cases of seizures for forfeiture under any law of the United States, whenever a warrant of arrest or other process in rem is issued in any admiralty case, the United States marshal shall stay the execution of such process, or discharge the property arrested if the process has been levied, on receiving from the respondent or claimant of the property a bond or stipulation in double the amount claimed by the libellant, with sufficient surety, to be approved by the judge of the district court where the case is pending, or, in his absence, by the collector of the port, conditioned to answer the decree of the court in such case. *Such bond or stipulation shall be returned to the court, and judgment or decree thereon, against both the principal and sureties, may be secured at the time of rendering the decree in the original case.*" (Emphasis added).

The Court rejects Superior's argument that this is not the "ordinary case". In fact, this is very much the "ordinary case" because, ordinarily, the *res* will be released after bond is posted. It is the rare case when bond is not posted to secure the release of the arrested *res*.

Additionally, this case falls within the exception to the bond requirement recognized by the Fifth Circuit in *Poplar Grove*. Specifically, Lonestar has presented to the Court a "financially secure plan for maintaining that same degree of solvency during the period of an appeal." Specifically, Lonestar has posted a bond on which Superior can collect after the appeal is over.

Furthermore, the factors recognized by the Seventh Circuit as relevant to whether or not the bond requirement can be waived by the Court are met by Lonestar in this case. Specifically, after the completion of the appeal process, if this Court's judgment is affirmed, (1) the collection process is simple since Superior could execute on the bond already posted, (2) the amount of time required to obtain a judgment after the appeal is completed is small, (3) the Court has a high degree of confidence in the availability of funds to pay the judgment because there is a bond already in place[2] and (4) the ability to satisfy the judgment is so clear so as to make procuring an additional $5.2

---

[2] While Superior now argues that it has no confidence in the solvency of the surety, Superior has never before expressed any concern about the solvency of the surety, and has never filed a motion to test solvency.

million bond a waste of money.[3]

In short, the bond currently in place serves to protect Superior as judgment creditor, and the filing of an additional bond is not required in this case for supersedeas. Accordingly, the motion of Lonestar to Stay Execution of Judgment is **granted**.[4]

September 14, 2012, Lafayette, Louisiana.

                                                                *C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[3] The fifth factor recognized by the Seventh Circuit in *Dillon*, consideration of other creditors, is irrelevant here.

[4] Counsel for Lonestar argued, at the hearing on the motion, that if the Court denied his motion for stay, and required a supersedeas bond, that the court should release the $8 million release bond which had previously been filed to secure the release of the vessels. Since the Court is granting the motion to stay, this argument need not be addressed. However, if a supersedeas bond were required, the Court believes that the original release bond might well have to be released because both bonds would be securing the same debt, that is, the judgment debt owned by Superior.