UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**SUPERIOR DERRICK SERVICES, LLC.**   *CIVIL ACTION NO. 09-0484

**VS.**   *MAGISTRATE JUDGE HILL

**LONESTAR 203, ET AL.**   *BY CONSENT OF THE PARTIES

<u>MEMORANDUM RULING</u>

Pending before the Court is the Motion to Lift Stay of Execution of Judgment, to Direct the Clerk of Court to Tax Costs and for Judgment Debtor Examination Against International Fidelity Insurance Company ("International") filed by Superior Derrick Services, LLC ("Superior"). [rec. doc. 231]. Opposition to the Motion has been filed by Lonestar Drilling Nigeria, Ltd. and Intercontinental Bank, PLC (collectively "Lonestar"), to which Superior has filed a Reply. [rec. docs. 234 and 237].

By the instant motion, Superior asks this Court to lift the stay of the execution on the August 23, 2012 Judgment issued by this Court as to International, tax court costs against International and require International to submit to a judgment debtor examination. For the following reasons, the Motion is **denied** in its entirety.

The record reflects that International is not a party to this litigation. Rather, International is the surety of Lonestar, which posted the vessel release bond for the *in rem* liabilities of Lonestar. The record further reflects that this Court has entered one Judgment in this litigation, on both cross motions for summary judgment and trial on the

1

merits, awarding a judgment in favor of Superior and dismissing Lonestar's counterclaim. [*See* rec. doc. 212].

As this Court has already held, International was cast in judgment, not for any act or inaction on its part but, rather, by operation of law under 28 U.S.C. § 2464(a) as the surety on the vessel release bond for its principal, Lonestar. [*See* rec. doc. 220, pg. 4]. The sole Judgment entered in this case remains on appeal in the United States Fifth Circuit Court of Appeal, pursuant to an appeal by Lonestar and a cross-appeal by Superior, and, as such, is not yet final. [*See* rec. docs. 213 and 221]. Under these circumstances, it is clear that Superior's Motion must be denied.

While International's appeal was dismissed, as a non-party surety, it is not clear that International had appellate rights in the first instance. Indeed, several courts have held that in admiralty cases, sureties (stipulators for value) are not necessary parties on appeal. *The L.I.R.R. No. 18*, 67 F.2d 290, 291 (2nd Cir. 1933) *citing The Lydia*, 1 F.2d 18 (2nd Cir. 1924), *Perriam v. Pacific Coast Co.*, 133 F. 140 (9th Cir. 1904), *The New York*, 104 F. 561 (6th Cir. 1900) and *The Glide*, 72 F. 200 (4th Cir. 1896).

These cases recognize the admiralty practice that a surety (stipulator for value) has no right to conduct the claimant's case and merely substitutes a bond as the *res* in place of the vessel released, as required by law. *Id. citing* former 28 U.S.C. § 754, now 28 U.S.C. § 2462. While the Fifth Circuit did not initially adhere to this line of cases (*See The Bylands*, 231 F. 101 (5th Cir. 1916); *cf The Mary B. Curtis*, 250 F. 9 (5th Cir. 1918)), the

last such Fifth Circuit case, *Elliott v. Lombard*, 66 F.2d 662 (5th Cir. 1933) was reversed by the United States Supreme Court. *Elliot v. Lombard,* 292 U.S. 139, 54 S.Ct. 637 (1934).

 Moreover, even if such rights existed in favor of International, while the appeal of this Court's Judgment by both Lonestar and Superior remain pending in the Fifth Circuit Court of Appeals, this Court believes that it lacks jurisdiction to grant Superior's requests. When a notice of appeal is filed, jurisdiction is transferred to the appellate court and the district court loses the ability to vacate or amend its judgment which is on appeal, except as to matters not involved in the appeal, or matters in aid of the appeal. *See Lopez Dominguez v. Gulf Coast Marine & Associates, Inc.*, 607 F.3d 1066, 1073 (5th Cir. 2010) *citing  Winchester v. U.S. Attorney for S. Dist. of Tex*., 68 F.3d 947, 948–49 (5th Cir. 1995), *Offshore Logistics Servs., Inc. v. Mut. Marine Office, Inc*., 639 F.2d 1168, 1170 (5th Cir. 1981) and *Farmhand, Inc. v. Anel Eng'g Indus., Inc*., 693 F.2d 1140, 1145 (5th Cir. 1982).

 The Fifth Circuit has explained the rationale for this rule as follows:  "For obvious reasons, it makes little sense for two different courts to have the power to act on the same judgment at the same time, with the attendant risk that they will reach inconsistent conclusions and thus result in confusion and in a waste of judicial resources." *Winchester*, 68 F.3d at 945 *quoting In re Butler*, 2 F.3d 154, 157 (5th Cir. 1993).

In this case, it is clear that Superior's requests *vis a vis* International do not involve ancillary matters not involved in the appeal of this Court's Judgment, nor may these requests be considered aids to the pending appeals. To the contrary, the primary matter pending on appeal of this Court's Judgment is the amount of money, if any, Lonestar, via its surety, International, owes to Superior. That amount has not yet been finally determined; the Fifth Circuit may reverse, reduce or increase the award made by this Court's Judgment. As such, for this Court to act upon the Judgment as Superior requests would potentially result in exactly the danger the rule seeks to preclude – inconsistent conclusions, confusion and a waste of judicial resources.

This conclusion is buttressed by a reading of the Release Bond filed by Lonestar and International in this case. [rec. doc. 74]. Lonestar, as principal, and International, as surety, in consideration of the release of the drilling barges LONESTAR 203 and LONESTAR 204, bound themselves "to pay any *final* judgment that may be rendered against the drilling barges" and accordingly, obligated themselves, *in solido*, *only* for "the performance of this obligation. . . ." (emphasis added). International's liability to Superior, if any, is solely as a result of the undertaking made by International in the bond. Since International agreed to pay only a *final* judgment rendered against the *vessels*, and since the judgment remains on appeal and is not final, International owes nothing, at least not yet.

The Court finds that the cases cited by Superior are distinguishable. Unlike the present case which involves a single judgment, both *In re Zapata Gulf Marine Corporation*[1] and *American Realty Trust, Inc. v. Matisse Partners, LLC*[2] involved two separate judgments against a single defendant, and *Mitchell v. St. Paul Fire and Marine Insurance Company*[3] involved a judgment against multiple defendants in a Louisiana medical malpractice action which is subject to a specific Louisiana statutorily prescribed procedure, not applicable in this case.  Finally, none of these cases involved a surety, much less a surety bond with the specific limitations of the International bond in this case.

As set out above, the undersigned does not believe that this Court has jurisdiction to grant the relief requested by Superior. Even if it did, the Court would nevertheless decline to exercise that jurisdiction under its inherent equitable powers to accomplish the ends of justice and to avoid unnecessary waste of judicial and the litigants' resources.  *See Scripps-Howard Radio, Inc. v. FCC,* 316 U.S. 4, 9-10, 62 S.Ct. 875, 880, 86 L.Ed. 1229

---

[1]941 F.2d293 (5th Cir. 1991).  In *Zapata* the district court entered a judgment on the merits and a subsequent judgment on a Rule 60(b) motion. The *Zapata* court interpreted Rule 62(d) as only allowing a stay of the specific order or judgment being appealed.  Accordingly, because the judgment being appealed was the denial of the defendant's Rule 60(b) motion, a stay could not be issued under Rule 62 with respect to the judgment on the underlying merits which was no longer pending on appeal.

[2]2003 WL 23175440 (N.D. Tex. 2003).  In *American Realty Trust, Inc*., the district court entered judgment as a matter of law (JNOV) against the plaintiff.  While that judgment was pending on appeal, the district court entered a separate judgment awarding attorney's fees to the defendant.  That second judgment was the subject of  a separate appeal.  The court found that under Rule 62(d), each judgment must be considered separately.  Accordingly, notwithstanding the pending appeal of the judgment granting JNOV, because the appeal of judgment awarding attorney's fees had concluded, that judgment could be enforced as that judgment was no longer being appealed.

[3]1999 WL 721950 (E.D. La. 1999).

(1942) (noting that to prevent injury from "premature enforcement of a determination which may later be found to have been wrong . . . [i]t has always been held . . . that as a part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal"); *Williams v. Amerus Life Insurance Co.*, 2006 WL 6508269, *5 (S.D. Tex. 2006) *citing United States v. Denver & Rio Grande W. RR.*, 223 F.2d 126, 127 (10th Cir. 1955) ("Apart from the Federal Rules of Civil Procedure, federal courts are empowered to temporarily stay the execution of their judgments whenever it is necessary to accomplish the ends of justice."), *Johnson v. McDole*, 394 F.Supp. 1197, 1203 (W.D. La. 1975) (staying execution of a judgment "in the interest of justice and pursuant to the inherent equitable power of the [c]ourt") and *S. Pac. Transp. Co. v. San Antonio*, 748 F.2d 266, 270 (5th Cir. 1984) (recognizing a trial court's discretion to stay the execution of judgment)[4].

For the above reasons, the Motion to Lift Stay of Execution of Judgment, to Direct the Clerk of Court to Tax Costs and for Judgment Debtor Examination Against International Fidelity Insurance Company filed by Superior Derrick Services, LLC [rec.

---

[4] While Superior is correct that this Court cannot deviate from a mandate issued by an appellate court (*see Briggs v. Pennsylvania Railroad*, 334 U.S. 304, 306, 68 S.Ct 1039, 1040, 92 L.Ed 1403 (1948)), this Court is not deviating from, reforming or amending the Fifth Circuit's mandate. Rather, this Court is merely exercising its power to stay enforcement of the judgment until the appellate process has concluded.

doc. 231] is **DENIED**.

    Signed March 7, 2013, at Lafayette, Louisiana.

*C. Michael Hill*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE